613 So.2d 131 (1993)
Gregory F. BRENNAN, Appellant,
v.
DOW CHEMICAL COMPANY, a Michigan corporation; Great Lakes Chemical corporation, a Delaware corporation; Woodbury Chemical Company, a Florida Corporation; Southern Mill Creek Products, CO., Inc., a Florida corporation; Atlantic Fertilizer and Chemical Co., a Florida corporation; Van Waters & Rogers Inc., a Florida corporation; and Crummett Chemical, Inc., a Florida corporation, Appellees.
No. 91-2292.
District Court of Appeal of Florida, Fourth District.
February 3, 1993.
Michael J. Ferrin of Bailey, Freeman & Ferrin, West Palm Beach, for appellant.
Elena L. Ris and Janis Brustares Keyser of Gay, Ramsey & Lewis, P.A., West Palm Beach, for appellees-Dow Chemical Co. and Van Waters & Rogers, Inc.
Donald H. Benson of Vernis & Bowling, P.A., Fort Lauderdale, for appellee-Woodbury Chemical Co.
John H. Pelzer of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, and Larry R. Fisher of Stuart and Branigin, Lafayette, IN, for appellee-Great Lakes Chemical Corp.
Robert M. Hustead of Marcus & Marcus, P.A., Homestead, for appellees-Atlantic Fertilizer and Crummet Chemical, Inc.
Daniel J. McGrath of Popham, Haik, Schnobrich & Kaufman, Ltd., Miami for appellee-Southern Mill Creek.
PER CURIAM.
The appellant sued the manufacturers of a chemical product, methyl bromide, for personal injuries, alleging negligence, breach of warranty and strict liability. We reverse the final order dismissing the complaint.
The plaintiff alleged failures or inadequacies with respect to the product and its dissemination as unreasonably dangerous; with respect to inadequacies in the instructions, testing, research, labeling, and warnings; and also as to information or advice *132 given by a separate pamphlet concerning the product and its use.
The motion to dismiss was granted on the grounds that the appellant's claim was preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, hereafter called FIFRA. It is clear that FIFRA regulates labeling of these products. Any separate state regulation of labeling or packaging would be prohibited. The issue here is whether FIFRA preempts all common law tort litigation for injuries caused by the chemical and the conduct of the defendants.
Recently, the United States Supreme Court held that although the Public Health Cigarette Smoking Act (PHCSA) of 1969 preempts state and federal rule-making bodies from mandating warnings on cigarette labels and advertisements, it does not preempt state common law damage actions. Cipollone v. Liggett Group, Inc., ___ U.S. ___, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). In Cipollone, ___ U.S. at ___, 112 S.Ct. at 2611, the petitioner filed a complaint alleging that the respondents were responsible for the death of his mother since they (1) breached express warranties contained in their advertising, (2) failed to warn consumers about smoking's hazards, (3) fraudulently misrepresented those hazards to consumers, and (4) conspired to deprive the public of information about smoking, in derogation of New Jersey law. Id. ___ U.S. at ___, ___-___, 112 S.Ct. at 2611, 2613-2614. The Supreme Court held that PHCSA only preempts certain of the failure to warn claims, and did not preempt the claims based on express warranty or conspiracy. ___ U.S. at ___-___, 112 S.Ct. at 2613-2614.
The Cipollone court narrowly construed PHSCA's language, in light of the general presumption against preemption. Cipollone, ___ U.S. at ___, 112 S.Ct. at 2612. There, the "failure to warn" claims asserted that respondents "were negligent in the manner that they tested, researched, sold, promoted, and advertised their cigarettes, and that they failed to provide adequate warnings of smoking's consequences." The plaintiff's claims that additional or more clear warnings should have been given were held to be preempted. The claims that were based on unregulated areas were not preempted. ___ U.S. at ___, 112 S.Ct. at 2622. For example, the express warranty claims were not preempted because a manufacturer's liability from such breach arises out of the terms of the warranty, a voluntarily undertaken contractual commitment. Cipollone, ___ U.S. at ___, 112 S.Ct. at 2612.
Here, the trial court relied on Papas v. Upjohn Co., 926 F.2d 1019 (11th Cir.1991) in concluding that FIFRA preempted the plaintiff's claims. However, following the issuing of Cipollone, Papas was vacated on the authority of Cipollone by Papas v. Zoecon Corp., ___ U.S. ___, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992).
Here, as in Cipollone, the statute preempts appellant's claims only to the extent they rely on a finding that the product's labeling was inadequate. FIFRA does not preempt appellant's other claims. Also as in Cipollone, FIFRA does not preempt the breach of warranty claim, since it was a common law claim arising out of a voluntary contractual commitment. FIFRA only provides that a state shall not impose any requirements for labeling or packaging in addition to or different from the federal regulations. 7 U.S.C.A. § 136v.
Therefore, we reverse and remand with instruction that the trial court allow appellant leave to amend appellant's claims to the extent that they do not rely on assertions of inadequate labeling and warning.
LETTS, STONE and WARNER, JJ., concur.